IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIANNA M. DUTTRY, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 18-31
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since December 5, 2013. (ECF No. 6-7, p. 3). Administrative Law Judge ("ALJ"), Monica D. Jackson, held a hearing on January 19, 2017. (ECF No. 6-3). On February 28, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 13-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner=s decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.  **Listing 12.04**

Plaintiff argues that the ALJ erred in determining that she did not meet or equal an impairment listing. (ECF No. 9, pp. 10-15). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff specifically argues that she meets Listing 12.04 Affect Disorders. (ECF No. 9, pp. 10-15). Listing 12.04 – Affect Disorders provides:

> **12.04 Affective disorders**: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of <u>one</u> of the following:

   1. Depressive syndrome characterized by at least <u>four</u> of the following:

      a. Anhedonia or pervasive loss of interest in almost all activities; or
      b. Appetite disturbance with change in weight; or
      c. Sleep disturbance; or
      d. Psychomotor agitation or retardation; or
      e. Decreased energy; or
      f. Feelings of guilt or worthlessness; or
      g. Difficulty concentrating or thinking; or
      h. Thoughts of suicide; or
      i. Hallucinations, delusions, or paranoid thinking; or

   2. Manic syndrome characterized by at least three of the following:

      a. Hyperactivity; or
      b. Pressure of speech; or
      c. Flight of ideas; or
      d. Inflated self-esteem; or
      e. Decreased need for sleep; or
      f. Easy distractibility; or
      g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
      h. Hallucinations, delusions or paranoid thinking; or

   3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least <u>two</u> of the following:

   1. Marked[2] restriction of activities of daily living; or

   2. Marked difficulties in maintaining social functioning; or

   3. Marked difficulties in maintaining concentration, persistence, or pace; or

---

[2] The term "marked" means "more than moderate but less than extreme."  20 C.F.R. Appx. 1, Subpart P, Part 404 §12.00(C).

4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R., Pt. 404, Subpt. P, Appx. 1, Listing 12.04.

In this case, Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet the requirements of part B. (ECF No. 9, pp. 10-15). Specifically, Plaintiff submits that she has marked limitations in all four domains of function under the paragraph B criteria and that in failing to find that she has marked limitations the ALJ was cherry picking evidence such that the ALJ's determination was not supported by substantial evidence. *Id.* After a thorough review of the record, I find the ALJ discussed all of the relevant evidence, including opinion evidence and Plaintiff's testimony. In so doing, the ALJ found that Plaintiff is mildly limited in some areas of functioning and moderately limited in other. (ECF No. 6-2, pp. 17-20). Based on my review of the entire record, I find the decision is well-reasoned and supported by substantial evidence.[3]

---

[3] Plaintiff concludes this argument section by submitting that even if she does not meet a listing, her conditions leave her unable to perform any job on a consistent or sustained basis. (ECF No. 9, p. 15). During this step, an ALJ is not considering whether a Plaintiff can perform work on a sustained basis. That evaluation occurs later in the determination when the ALJ considers a plaintiff's residual functional capacity ("RFC"). RFC refers to the most a claimant can still do in a work setting on a regular and continuing basis despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p.

Consequently, remand is not warranted on this basis.

### C. <u>Vocational Expert ("VE") and Lay-Witness Testimony</u>

Plaintiff also seems to argue that the ALJ erred in failing to accept the answers of the VE to her questions as opposed to the answers of the VE to the questions posed by the ALJ. (ECF No. 9, pp. 16-17). To support this conclusion, Plaintiff relies on evidence that seems to support her position.[4] An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 6-2, pp. 13-29). Consequently, I find no error in this regard.

Next, Plaintiff submits that the ALJ erred in rejecting the statement provided by her mother. (ECF No. 9, pp. 17-18). The ALJ considered Plaintiff's mother's testimony and gave it very little weight because she is not medically trained to argue the severity of Plaintiff's symptoms, she did not provide any clinical or objective evidence to support her opinion, because it was inconsistent with history of medical treatment and was inconsistent with Plaintiff's activities of daily living.

---

The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). Plaintiff makes no further argument other than to conclude that she cannot perform on a regular and consistent basis. Thus, I find Plaintiff's argument to be underdeveloped and insufficient to put the issue before me.

[4] To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

(ECF No. 6-2, pp. 26-27). These are acceptable reasons for discounting her testimony. After a review of the record, I find there is substantial evidence to support this finding of the ALJ. (ECF No. 6-2, pp. 13-29). Therefore, I find no error in this regard.

Plaintiff's only other argument is that the ALJ erred in using GAF[5] scores and in chose to credit some GAF scores over others. (ECF No. 9, pp. 18-19). Contrary to Plaintiff's assertion, an ALJ must weigh the GAF scores and discuss reasons for the weight sufficiently for this court to conduct a meaningful review. I find the ALJ's discussion regarding the weight assigned to Plaintiff's various GAF scores to be valid, proper and supported by substantial evidence. (ECF No. 6-2, pp. 13-24). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[5]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIANNA M. DUTTRY,  )
        Plaintiff,  )
-vs-  )   Civil Action No. 18-31
NANCY A. BERRYHILL,[6]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 4th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.